IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS J. GOOD,

                Plaintiff,

  v.                                                  OPINION and ORDER

NATHAN ADAMS, GREG CISNEROS,                    18-cv-461-jdp
and CITY OF BELOIT,

                Defendants.

---

Plaintiff Thomas J. Good alleges that City of Beloit police officers Nathan Adams and Greg Cisneros subjected him to a forced blood draw in violation of his Fourth Amendment rights. He also alleges that the forced blood draw was caused by a City of Beloit policy. Trial is scheduled for September 3, 2019. Before the court are the parties' motions in limine.

Defendants filed one motion in limine, seeking to preclude Good from testifying about lawsuits or claims he has made against the City of Beloit or the city's employees in the past. Dkt. 45. Good does not oppose the motion, and I agree with defendants that such evidence is irrelevant to this case. So I will grant the motion.

Good filed five motions. First, he seeks to exclude evidence of his criminal history as inadmissible under Rule 609(b) of the Federal Rules of Evidence and unduly prejudicial. Dkt. 49. Defendants do not oppose the motion, but defendants seek clarification as to whether Good is also seeking to exclude evidence regarding the circumstances of Good's December 29, 2014 arrest for operating while intoxicated as a third offense. Because this case concerns the events surrounding Good's December 2014 arrest, the parties will necessarily have to introduce evidence regarding that arrest. So I will grant the motion, with the caveat that the events of December 29, 2014 are admissible. Defendants may not discuss Good's subsequent trial and

conviction for operating while intoxicated as a third offense, as those facts are irrelevant to the Fourth Amendment question at issue in this case.

Second, Good seeks to preclude any reference to jurors as tax payers or any suggestion that tax payers are "footing the bill" for this case. Dkt. 50. Good's arguments are persuasive, and defendants do not oppose the motion, so I will grant it.

Third, Good seeks to preclude defendants from testifying that they relied on the advice or directive from the Rock County District Attorney's office in conducting the warrantless blood draw. Dkt. 51. Good argues that because the Fourth Amendment is objective and does not depend on the subjective motivations of the officers, the district attorney's advice is irrelevant. But this evidence is highly relevant to Good's municipal liability claim against the City of Beloit, as Good contends that the City of Beloit adopted as policy the advice of the district attorney and that the City's policy caused the unconstitutional blood draw. Therefore, I will deny this motion.

Good's fourth and fifth motions are related. Dkt. 52 and Dkt. 53. He seeks to preclude defendants from introducing evidence about his blood alcohol concentration or the laboratory blood test results. He argues that such evidence is irrelevant and unduly prejudicial, because defendants would use the evidence to suggest that Good was intoxicated, had committed a crime, and was unworthy of constitutional protection. Good also seeks to preclude defendants from introducing testimony from Thomas Neuser, the ethanol analyst who tested Good's blood. Good argues that defendants failed to disclose Neuser as an expert by the expert disclosure deadline. Defendants oppose the motions, arguing that Good's blood alcohol concentration is relevant to Good's credibility and to the "totality of the circumstances." They

also argue that Neuser is not an "expert" witness because he will testify only about his "objective testing" of Good's blood and the results.

I will grant these motions in part and will deny them in part. I agree with defendants that Good's intoxication is relevant to Good's state of mind and his ability to recall the events of December 29, 2014. But introducing evidence of Good's specific level of blood alcohol concentration would not be particularly helpful to a jury, as neither side has named an expert witness to provide opinions about how that specific level of blood alcohol concentration might affect a person's conduct or memory. So the jury would be left to speculate about what a specific number means for Good's ability to recall events.

To avoid the risks of speculation, defendants may ask Good, during Good's case-in-chief, whether he was intoxicated on December 29, 2014. If Good admits that he was intoxicated, defendants may not introduce evidence of the blood alcohol concentration results. If Good denies that he was intoxicated or testifies that he had only a "couple" of beers, defendants may ask Good whether he knows what his blood alcohol concentration level was on that night. If Good denies knowing what his blood alcohol concentration tests results were or disputes the accuracy of the results, defendants may introduce the report itself, through Neuser's testimony, during their own case. Neuser's testimony will be limited to testifying about his lab report. Although I agree with Good that Neuser's testimony is expert testimony that should have been disclosed as such under Rule 26(a)(2)(C), Good was not prejudiced by the late disclosure. Good has long had notice of the contents of Neuser's report.

In sum, the motions are resolved as set forth above. The parties will have an opportunity to raise any questions or concerns about the rulings at the final pretrial conference on August 28. The court will distribute draft copies of the voir dire, jury instructions, and verdict form

along with this order. The parties should be prepared to discuss the draft documents at the final pretrial conference on August 28. Finally, the parties should submit electronic copies of their exhibits before the final pretrial conference so that the court can consider any objections to the exhibits at the conference.

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas J. Good's motions in limine, Dkt. 49 and Dkt. 50, are GRANTED, as set forth above.

2. Plaintiff's motion in limine, Dkt. 51, is DENIED.

3. Plaintiff's motion in limine, Dkt. 52 and Dkt. 53, are GRANTED IN PART and DENIED IN PART, as set forth above.

4. Defendants' motion in limine, Dkt. 45, is GRANTED.

5. The parties are to submit electronic copies of their exhibits to the court by August 27, 2019.

Entered August 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge